The opinion of the court was delivered by
Spencer, J.
Plaintiff sues to recover of the defendant corporation a note secured by mortgage and vendor’s lien upon the church-house ■and lot; also for other items, amounting to $174 40, to wit: Amount paid Heath for defendant’s account, $56 ; amount paid Popp & Elliott for lumber used on church, $68 40, and $50 for personal services in ■supervising its construction. He cites the defendant through W. H. Hawkins, president of the board of trustees, and its answer is a general d'enial.
Kemp, Anderson, and others, intervened, alleging that they are the-true board of trustees of said church; that Anderson is its president; that Hawkins and his board are usurpers, who, through fraud, and with the assistance and connivance of plaintiff as pastor of said church, in the month of May, 1873, seized upon and took wrongful possession of ■said church, and had themselves elected as trustees by a minority of the corporators, and in violation of the charter; and had since then excluded intervenors from said church, from participating in its affairs, ■and from worshipping therein, and had usurped the functions of trustees thereof, etc. They aver that by reason of these wicked and wrongful acts plaintiff has damaged them and the corporation in the sum of $5000, and that he should “respond to the corporation in exemplary ■damages (to said amount), as well as in religious excommunication.” Wherefore they pray to intervene and oppose plaintiff. They plead pre *522 scription against his demands. They pray for judgment in reconvention against him for $5000, and against the defendants, Hawkins’ board, declaring them usurpers; and recognizing intervenors as the true board, and putting them in possession as such.
There was judgment in favor of defendants, dismissing plaintiff’s demand as in case of nonsuit, and judgment dismissing the intervention and reconventional demand of the intervenors at their cost.
From this judgment, “so far as it rejects his demand,” the plaintiff has alone appealed. The intervenors have filed in this court what they call a “joinder, and answer in appeal,” but took no appeal themselves from the judgment dismissing their intervention and “ reconventional demand.”
This proceeding is, to say the least, anomalous. An intervenor of necessity must confine himself to the subject matter in controversy in the main suit. He can not drag into that suit grievances foreign to the thing there in controversy. If A sues B for the price of a horse, 0 can not intervene and set up by way of “ reconvention ” that A is indebted to him in damages for an assault and battery, and B for stealing the horse, (C. P. articles 389 and 390), and say that the intervenor may-join plaintiff in claimiug the same thing, or join defendant in resisting plaintiff’s claim to that thing ; or may oppose the claims of both to or upon that thing. The intervenor must of course allege and show an interest in the subject matter of the main suit. So far therefore as intervenors claim damages “in reconvention” from plaintiff for wrongful deprivation of church privileges, and so far as they seek a judgment against defendants to eject them from their office of trustees, and to have themselves reinstated, their demands are clearly foreign, not gernrain, to the matter or thing in dispute between plaintiff and defendant, which is simply whether the Fifth Baptist Church is or not indebted to plaintiff. But an intervenor is “ a third person,” whose demand “ must be formed by a petition,” served on the other parties, and put at issue.
Now', if the judgment of the court dismisses that petition, and the intervenor do not appeal, is he a party to an appeal taken by plaintiff from the judgment in favor of defendant, rejecting his (plaintiff’s) demand ? The judgment against the intervenor is not brought before us by plaintiff’s appeal from the judgment against him. See Lane vs. Clark, 27 An. 201; 8 L. 192; 1 R. 369; 4 An. 14; 14 An. 564. Intervenors are certainly not appellants. They are not appellees, because the judgment passing upon their demands has not been appealed from. If we were to consider them appellees, how could this court pass upon their issue with defendants, who are themselves appellees? A judgment can not be changed or revised as between appellees; and the very basis of intervenors’ interest in this controversy rests upon their alleged *523 rights as trustees, which, could only be passed upon contradictorily with defendants.
We therefore proceed to decide this case as between plaintiff and defendants, who are the only parties before us.
Plaintiff has fully proven his demands,and shown that the amounts claimed are due him. There being no plea of prescription filed by defendants, we are not called upon to decide what effect should be given to the authentic acknowledgments of plaintiff’s claim by the acting board of trustees.
It is therefore ordered and decreed, that the judgment rejecting plaintiff’s demands be set aside and reversed, and it is now ordered and decreed that plaintiff have judgment against the defendant, the Fifth Regular Baptist Church, for the sum of two hundred and sixty-two 50-100 dollars, with six per cent interest thereon from January 21,1868, to 25th December, 1868, and eight per cent thereafter, with recognition of the mortgage and privilege claimed, and as described in plaintiff’s petition and acts annexed, and that the property therein desciibed be seized and sold to pay said sum and interest. It is further decreed that plaintiff also recover of said defendant the further sum of one hundred and seventy-four 40-100 dollars, with five per cent interest from 1st o£ July, 1877, and costs of both courts.